IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LOUIS REYES-REYES, et als.

    Plaintiffs

v.

PEDRO TOLEDO-DAVILA, et als.

    Defendants

Civil No. 10-1565 (SEC)

**OPINION and ORDER**

Pending before the Court is Co-Defendants Commonwealth of Puerto Rico[1] and the Puerto Rico Police Department ("PRPD") ("Co-Defendants") Motion to Dismiss (Docket # 4). Plaintiffs' opposed (Docket # 8), Co-Defendants replied (Docket # 11), and Plaintiffs sur-replied (Docket # 16). Upon reviewing the filings, and the applicable law, Co-Defendants' motion is **GRANTED**.

**Factual Background**

On June 21, 2010, Plaintiffs Louis Reyes-Reyes and Louis Reyes-Hernandez[2] filed suit under 42 U.S.C. 1983 et seq. against Félix Benitez-Quiñones, the Attorney General Guillermo A. Somoza-Colombani, the Commonwealth of Puerto Rico, the PRPD, and Pedro Toledo Dávila, its former Chief. According to Plaintiffs, Defendants violated their constitutional rights as protected by the Fourth Amendment. Docket # 1.[3] Pursuant to the complaint, on October 4th, 2007, members of the PRPD entered Plaintiffs' home with a search warrant based on agent

---

[1] Guillermo A. Somoza-Colombani, the Commonwealth's Attorney General, is named as a representative of the Commonwealth.

[2] Co-Plaintiff Reyes-Hernández is Reyes-Reyes' son.

[3] Plaintiffs also set forth claims under Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit 31, §§ 5141 & 5142.

**Civil No. 10-1565 (SEC)** 2

Benitez's false testimony regarding alleged illegal acts committed by Reyes-Reyes in his residence and through the use of his vehicle.

On August 30, 2010, Co-Defendants moved for dismissal pursuant to FED. R. CIV. P. 12(b)(6), arguing that they are entitled to Eleventh Amendment Immunity. Docket # 4. Plaintiffs opposed (Docket # 8), Co-Defendants replied (Docket # 11), and Plaintiffs sur-replied (Docket # 16).

**Standard of Review**

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. First Med. Health Plan, Inc. v. CaremarkPCS Caribbean, Inc., 681 F. Supp. 2d 111, 113-114 (D.P.R. 2010). When deciding a motion to dismiss under this rule, the court will construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff. Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002); Correa Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). The court must then decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 114 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). In so doing, the court accepts as true all well pleaded facts and draws all reasonable inferences in the plaintiff's favor. Id. (citing Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. (citing Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

The First Circuit has noted that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. (citing Iqbal, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). In sum, when passing on a motion to dismiss

**Civil No. 10-1565 (SEC)**                                                                 3

the court must follow two principles: (1) legal conclusions masquerading as factual allegations are not entitled to the presumption of truth; and (2) plausibility analysis is a context specific task that requires courts to use their judicial experience and common sense. Id. (citing Iqbal, 129 S. Ct. at 1950). In applying these principles, courts may first separate out merely conclusory pleadings, and then focus upon the remaining well pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief. Id. (citing Iqbal, 129 S. Ct. at 1950).

The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305 (1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (citing Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,' but it

**Civil No. 10-1565 (SEC)**                                                                                                                              4

asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Twombly</u>, 127 S. Ct. At 1965; <u>see also</u> <u>Ashcroft</u>, 129 S. Ct. at 1949. A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." <u>Parker</u>, 514 F. 3d at 95.

**Applicable Law and Analysis**

*Eleventh Amendment Immunity*

In their motion, Co-Defendants aver that the Eleventh Amendment, which prohibits suits against the State without its consent, shields them from the present action. Docket # 4, p. 2. The Eleventh Amendment precludes suits in Federal Court for money damages against states unless one of the following four exceptions applies: (1) where a state consents to suit in the federal forum, (2) where a state waives its own immunity by statute or the like, (3) where Congress abrogates state immunity (so long as Congress speaks clearly and acts in furtherance of particular powers), or (4) under certain circumstances other constitutional imperatives may take precedence over the Eleventh Amendment's federal-court bar. <u>Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority</u>, 991 F.2d. 935, 938 (1st Cir.1993); <u>Fernandez v. Chardon</u>, 682 F.2d 42, 59 (1st Cir. 1982). The First Circuit has affirmed that the Commonwealth of Puerto Rico enjoys the "full benefits" provided by the Eleventh Amendment. <u>Metcalf</u>, 991 F.2d at 938. That is, for Eleventh Amendment purposes, the Commonwealth of Puerto Rico is considered a State. <u>Negron Gaztambide v. Hernandez Torres</u>, 145 F.3d 410 (1st Cir. 1998).

In opposition, Plaintiffs contend that Co-Defendants have waived their immunity by way of the Lawsuits Against the Commonwealth of Puerto Rico Act ("LACPRA"), P.R. Laws Ann. tit. 31, § 3077 et seq. Co-Defendants argue LACPRA establishes limits on monetary compensation for actions brought forth against the Commonwealth of Puerto Rico but does not

**Civil No. 10-1565 (SEC)**                                                                 5

authorize nor constitute a consent from the Commonwealth to be sued in federal court. Docket # 11, p. 2.

Upon reviewing the above cited law, this Court noted that the LACPRA clearly applies to suits filed in the Courts of the Commonwealth of Puerto Rico. Moreover, the First Circuit has stated that "[a]lthough the Commonwealth has consented to be sued for damages in actions brought under the Commonwealth general negligence statute, such consent does not extend to actions filed in any courts but the Commonwealth's own. Neither Section 1802 or 1803 contains an explicit waiver of the Commonwealth''s sovereign immunity." Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. P.R. 2006). Thus we are not persuaded by Plaintiffs' argument that the Commonwealth has consented to be sued in federal court under LACPRA, as there is no provision whatsoever in said statute to support such assertion and our case law provides otherwise. Accordingly, Plaintiffs' claims against the Commonwealth of Puerto Rico are **DISMISSED with prejudice**.

The Eleventh Amendment's protection also extends to the state's instrumentalities or "alter egos." Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of Puerto Rico, 818 F.2d 1034, 1036 (1st Cir.1987). Insofar as the the PRPD is an alter ego of the Commonwealth of Puerto Rico. McLeod-Lopez, 603 F. Supp.2d at 343 (citing Nieves Cruz v. Comm. of P.R., 425 F. Supp.2d 188, 192 (D.P.R.2006); Lopez Rosario v. Police Dept., 126 F.Supp.2d 167, 170-171 (D.P.R.2000)), it is entitled to Eleventh Amendment immunity. As such, Plaintiffs' claims against the PRPD are also **DISMISSED with prejudice**.

*Supplemental state law claims*

Having dismissed Plaintiffs' federal law claims against Co-Defendants, their state law claims against said parties are **DISMISSED without prejudice**. See Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1175-117 (1st Cir.1995) (finding that "the power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence

**Civil No. 10-1565 (SEC)**                                                                 6

of at least one 'substantial' federal claim in the lawsuit."); Newman v. Burgin, 930 F.2d 955, 963 (1st Cir.1991).

    This Court reminds the parties that all representations to the court, submitted to the court through pleadings, motions, and any other document, are bound by FED. R. CIV. P. 11(b)'s mandate. Therefore, all claims, defenses, and other legal arguments that are unwarranted by existing law, are, in fact, frivolous, and can be sanctioned by the courts. In the instant case, Plaintiffs have set forth unwarranted legal arguments, insofar as the current case law is extremely clear as to the applicable statutes in cases such as this one. This methodic inclusion of allegations and defenses is unjustified, and unnecessarily onerous for the courts. Therefore, parties shall take the foregoing into consideration when appearing before this Court, or face the imposition of sanctions.

    **Conclusion**

    Based on the foregoing, Plaintiffs' federal claims against Co-Defendants are **DISMISSED with prejudice**, and their supplemental state law claims against said parties are **DISMISSED without prejudice**.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 10th day of December, 2010.

                      s/*Salvador E. Casellas*
                      Salvador E. Casellas
                      U.S. Senior District Judge